**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq.  (297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Raul Ruiz

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAUL RUIZ,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATION OF:** |
| v. | |
| **CONSUMER PORTFOLIO SERVICES, INC.,** | **1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; AND,** |
| Defendant. | **2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  Plaintiff RAUL RUIZ ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant CONSUMER PORTFOLIO SERVICES, INC. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

1   Plaintiff alleges on personal knowledge.

2   5.   While many violations are described below with specificity, this Complaint

3   alleges violations of the statutes cited in their entirety.

4   6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant

5   were knowing and intentional, and that Defendant did not maintain procedures

6   reasonably adapted to avoid any such violation.

7   7.   Unless otherwise indicated, the use of any Defendant's name in this

8   Complaint includes all agents, employees, officers, members, directors, heirs,

9   successors, assigns, principals, trustees, sureties, subrogees, representatives,

10  and insurers of that Defendant named.

**JURISDICTION AND VENUE**

8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1682k and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

10.  Because Defendant conducts business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Nipomo, County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is incorporated in the City of Irvine, County of Orange, State of California which is also within this judicial district.

///

///

---

**PARTIES**

12. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, 15 U.S.C § 1692a(5).

**FACTUAL ALLEGATIONS**

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

18. Sometime prior to 2014, Plaintiff allegedly incurred financial obligations to the original creditor that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Following Plaintiff's alleged delinquency, the original creditor allegedly transferred, placed or assigned Plaintiff's alleged debt to Defendant for collection.

21. As a result of Plaintiff's alleged delinquency, Plaintiff has received both written and telephonic communications from Defendant attempting to collect Plaintiff's alleged debt.  These letters and telephone calls constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b); and, 15 U.S.C. § 1692a(6) and a "communication" as defined by 15 U.S.C. § 1692a(2).

22. On June 16, 2015, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's alleged debt alleged to be owed to Defendant.

23. Thereafter, Defendant received Plaintiff's refusal to pay letter at 7:11 a.m. on June 24, 2015.

24. Despite receiving Plaintiff's written request, Defendant has continued to initiate telephonic communications attempting to collect Plaintiff's alleged debt, including calls on July 6, 2015; and, July 7, 2015.  Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

25. In the course of collection, Defendant has also initiated multiple telephonic communications to third parties such as Plaintiff's mother-in-law. By communicating with said third parties on multiple occasions, Defendant violated 15 U.S.C. § 1692b(3) which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

26. Moreover, Defendant expressly agreed to refrain from the conduct alleged herein in the matter of *United States of America v. Consumer Portfolio Services, Inc.*, court case no.: SACV14-819 ABC (RNBx) (C.D. Cal. June 11, 2014), ECF No. 9, Stipulated Order For Permanent Injunction and Civil Penalty Judgment.

27. Despite this civil penalty in the amount of $2,000,000, Defendant has continued Defendant's unfair debt collection practices to the detriment of consumers such as Plaintiff.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

**[AGAINST ALL DEFENDANTS]**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

30. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

individually.

**COUNT II**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 7, 2015                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By: _M. Loker_

MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626